[No. 16487. Department One. November 15, 1921.]

PATRICK WILLIAMS, *Respondent*, v. T. W. LITTLE COMPANY, *Appellant*.[1]

APPEAL (418)—REVIEW—FINDINGS. In an action for commissions on the sale of trucks, where questions of fact are alone involved, the findings of the trial court on conflicting evidence will not be disturbed on appeal, where the evidence does not clearly preponderate against the findings.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered October 22, 1920, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Burkey, O'Brien & Burkey,* for appellant.
*A. O. Burmeister* and *J. H. Gordon,* for respondent.

[1]Reported in 201 Pac. 756.

TOLMAN, J.—Respondent, as plaintiff, brought this action to recover a commission of five per cent alleged to have been earned upon the sale of certain trucks, amounting to $495, less $100 paid on account, praying for judgment in the sum of $395. The case was tried to the court without a jury, resulting in a judgment as prayed for, from which the defendant has appealed.

The principal defense urged below, and relied upon here, is, in substance, that respondent, at and before the time when the sales were made, represented to appellant that he was organizing a truck company, or an association of truck owners, of which he would be the manager; that he had secured work for the trucks, would keep them employed, collect their earnings, and, after paying operating expenses, would from such earnings make the monthly payments on the purchase price, according to the terms of the conditional sales contracts which were to be, and in fact were, taken by appellant from the purchasers of the trucks; that appellant relied upon these representations; would not otherwise have made either of the sales with so small a down payment, and agreed to pay the commission only after three or four of the monthly payments had been made according to contract, thus reasonably insuring the seller from loss by reason of the purchasers' default. Respondent does not contend that he kept the trucks employed for any considerable length of time, or that he ever collected the earnings, or saw to the application thereof to the deferred payments; and while denying that he made any express or positive representations regarding the matters claimed, does contend that he told appellant that he was trying to effect such an organization; that he then had work in sight for the trucks, and that he would have been able to place them in steady employment if they had been

delivered at the time agreed upon. He denies that there were any conditions in the agreement to pay him a commission, except that the commission should be due when each purchaser had completed his first monthly payment.

In the last analysis, there is involved here only questions of fact, and after a study of the evidence as brought to this court, we are unable to say from the typewritten record that the evidence preponderates against the trial court's findings, or that, at the close of the arguments by counsel, when the evidence was fresh in his mind, and the impression created by the appearance of the witnesses and their manner of testifying had not been eradicated by lapse of time, the trial judge was wrong when he said:

"The Court: The defense claims a condition that Mr. Williams should not receive this commission unless he kept the trucks in operation until they were paid out. I cannot find from the evidence anything except that Mr. Williams urged them to the effect that he believed he could keep the trucks in operation. That may have been in entire good faith, but no condition was put in that they would not pay the commission unless he did.

"I am satisfied that Mr. Williams is entitled to his commission and that the defense is not sustained by the proof at all."

We find no sufficient reason for interfering with the judgment of the trial court, and it must be affirmed.

Judgment affirmed.

PARKER, C. J., MACKINTOSH, and MITCHELL, JJ., concur.